# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Asset Marketing Services, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JAM Products, Inc., d/b/a S&A Partners;<br>and Steven Harris,<br><br>Defendants. | Case No. 19-cv-02113 (SRN/TNL)<br><br>**ORDER** |

Alyssa M. Troje, Jessica Sharpe, and Mark W. Vyvyan, Fredrikson & Byron, P.A., 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402, for Plaintiff.

Barbara P. Berens, Carrie L. Zochert, and Erin K. Fogarty Lisle, Berens & Miller, P.A., 80 South Eighth Street, Suite 3720, Minneapolis, MN 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on two Motions in Limine [Doc. Nos. 38 & 42] filed by the parties. These motions raise the issue of whether the Hobby Protection Act, 15 U.S.C. § 2101 *et seq.*, creates a private right of action for entities like Plaintiff Asset Marketing Services, LLC. In pertinent part, the Act prohibits the "the importation into the United States, for introduction into or distribution in commerce, or the sale in commerce of any imitation numismatic item which is not plainly and permanently marked 'copy.'" 15 U.S.C. § 2101(b). The Act "was designed to protect hobbyists and collectors from being defrauded by unscrupulous individuals and corporations that marketed and/or distributed imitation numismatic items." *DeMarco v. Nat'l Collector's Mint, Inc.*, 229 F.R.D. 73, 77

1

(S.D.N.Y. 2005). In order to achieve that purpose, the Act confers a private right of action on "any interested person":

> If <u>any person</u> violates section 2101(a) or (b) of this title or a rule under section 2101(c) of this title, <u>any interested person</u> may commence a civil action for injunctive relief restraining such violation, and for damages . . . .

15 U.S.C. § 2102(a) (emphasis added). Although the Act itself does not define "person," the Federal Trade Commission's implementing regulations do: "Person means any individual, group, association, partnership, or any other business entity." 16 C.F.R. § 304.1(h).

Defendants contend that the term "any interested person" is limited to coin collectors, hobbyists, and other unsophisticated consumers, and does not include merchant entities like Plaintiff. Defendants therefore move in limine to prevent Plaintiff from presenting evidence pertinent to its Hobby Protection Act claim. Conversely, Plaintiff argues that the statute is not so limited, and therefore moves to permit the presentation of evidence in support of its claim under the Act.

The Court finds that the plain language of the Hobby Protection Act permits sophisticated entities like Plaintiff to seek relief under the Act. The Act confers a right of action on "any interested person," not "any interested hobbyist, collector, or other unsophisticated consumer." Defendants' argument, in essence, seeks to impose a substantial limitation on the word "person" that is simply not supported by the statute's text, that is contrary to the Federal Trade Commission's regulations, and that runs afoul of the liberal construction owed to the Act as a consumer-protection statute. *See DeMarco*,

229 F.R.D. at 77 ("[The Act] is a consumer protection statute, and so, like all other consumer protection statutes, it should be liberally construed.").

Moreover, Defendants' proffered interpretation of the word "person" would also lead to the untenable conclusion that the private right of action is not applicable where a corporation violates the statute. As previously noted, § 2102 includes the word "person" in two places. The Court presumes that Congress intended the word to carry the same meaning throughout that section. *See Azar v. Allina Health Servs.*, 139 S. Ct. 1804, 1812 (2019) (recognizing the "presumption that, when Congress uses a term in multiple places within a single statute, the term bears a consistent meaning throughout"). Under Defendants' interpretation, the Act's enforcement provision would read:

> If any person [i.e., hobbyist, collector, or other unsophisticated consumer] violates section 2101(a) or (b) of this title or a rule under section 2101(c) of this title, any interested person [i.e., hobbyist, collector, or other unsophisticated consumer] may commence a civil action for injunctive relief restraining such violation, and for damages . . . .

Certainly, Congress did not intend to confer a private right of action only where unsophisticated consumers violate the statute; yet that is the conclusion required by Defendants' proffered definition of "person."

Because Defendants' interpretation of the word "person" is not a reasonable construction of the statutory text, the Court need not consider Defendants' arguments premised on the Act's legislative history. *See Owner-Operator Indep. Drivers Ass'n, v. United Van Lines, LLC*, 556 F.3d 690, 693 (8th Cir. 2009) ("In the usual case, if 'the statute's language is plain, the sole function of the courts is to enforce it according to its terms,' without reference to its legislative history." (quoting *United States v. Ron Pair*

3

*Enter., Inc.*, 489 U.S. 235, 241 (1989))). The Court notes, however, that recognizing a private right of action for merchant entities like Plaintiff is wholly consistent with the Act's consumer-protection goals. Although Plaintiff is a merchant, and not itself a consumer of collectible coins, permitting merchants to enforce the Act against importers of imitation coins advances the Act's goals by directing such entities' resources toward keeping imitation coins out of the market.

For the foregoing reasons, the Court finds that the Hobby Protection Act confers a private right of action on entities like Plaintiff. Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion in Limine [Doc. No. 38] is **DENIED in part**, and Plaintiff's Motion in Limine [Doc. No. 42] is **GRANTED**.

**IT IS SO ORDERED.**


Dated: July 16, 2021                                s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge