UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Asset Marketing Services, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JAM Products, Inc., d/b/a S&A Partners; and Steven Harris,<br><br>Defendants. | Case No. 19-cv-02113 (SRN/TNL)<br><br>**ORDER** |

Alyssa M. Troje, Jessica Sharpe, and Mark W. Vyvyan, Fredrikson & Byron, P.A., 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402, for Plaintiff.

Barbara P. Berens, Carrie L. Zochert, and Erin K. Fogarty Lisle, Berens & Miller, P.A., 80 South Eighth Street, Suite 3720, Minneapolis, MN 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion in Limine [Doc. No. 38] filed by Defendants. In their motion, Defendants seek—in relevant part—to preclude Plaintiff from offering evidence in support of its unjust enrichment claim against Defendant Steven Harris.[1] Plaintiff's unjust enrichment claim is plead in the alternative to its breach of contract claim against Harris. As Plaintiff explains, "In the event that the jury finds there is no contract between AMS and Harris, AMS brings an unjust enrichment claim against

---

[1] The Court notes that the Complaint originally alleged an unjust enrichment claim against both JAM Products, Inc. and Steven Harris. (*See* Compl. [Doc. No. 1-1], at 11.) At the pre-trial conference held on July 16, 2021, Plaintiff agreed to dismiss its unjust enrichment claim against JAM Products, Inc.

Harris. This claim is only applicable upon a finding that Harris is not a party to the Consulting Agreement." (Pl.'s Mem. in Opp'n to Defs.' Mot. in Limine [Doc. No. 72], at 3.)

The Court finds that, as a matter of law, Harris is a party to the Consulting Agreement. Under Minnesota law, the interpretation of an unambiguous contract is a question of law. *Richie Co., LLP. v. Lyndon Ins. Grp., Inc.*, 316 F.3d 758, 760 (8th Cir. 2003). Harris signed the Consulting Agreement and its May 2016 amendment both for JAM Products, Inc. and on a separate signature line denoted "STEVEN HARRIS, individually." (*See* Pl. Tr. Ex. 1, at 5; *id.*, Am. 1, at 2.) In interpreting contractual provisions, Courts must endeavor to "give effect to all of [the] contract's terms." *Metro. Airports Comm'n v. Noble*, 763 N.W.2d 639, 645 (Minn. 2009). If Harris were not a party to the contract, there would be no need for him to sign the contract "individually," as well as in his capacity as Chief Executive Officer of JAM Products.

Defendants contend that the contract's obligations lie solely with JAM Products, and not Harris, and that therefore Harris is not a party to the contract despite his individual signature. However, the Consulting Agreement expressly imposes several obligations on Harris. Most importantly, paragraph 19 of the Agreement provides that "Steven Harris individually . . . agree[s] to not provide consulting services or to otherwise perform work for or on behalf of, any manufacturer, distributor or seller of precious metal or numismatic coin . . . during the Term of this Agreement . . . ." (Pl.'s Tr. Ex. 1, at 4.) Harris's individual assent to this obligation demonstrates that he is a party to the Agreement. Moreover, the Consulting Agreement is permeated with references to Harris's obligations to perform

2

work for Plaintiff. (*See, e.g.*, *id.* at 6 ("Consultant agrees that all consulting work performed pursuant to this Agreement shall be performed by Steven Harris personally . . . ."); *id.*, Am. 1, at 1 (providing that "Consultant, through Steven Harris, shall provide assistance, resources, direction and consultation to AMS," and "Consultant, through Steven Harris, will leverage its licensing relationships . . . for AMS").) And, notably, emails between the parties indicate that the parties understood and intended for Harris to be individually bound by the Consulting Agreement. (*See* Pl.'s Tr. Ex. 2, at 3 ("We are interpreting the new language as creating a bar preventing me (or [JAM Products]) from providing consulting services . . . for any third party . . . or new company that I might acquire . . . ." (emphasis omitted)).)

Because the Court finds that the Consulting Agreement unambiguously reflects an intent to bind Harris individually, the Court finds that both JAM Products and Harris were parties to the contract. Since Plaintiff's unjust enrichment claim against Harris is premised on the conclusion that Harris was not so bound, the Court grants Defendants' motion and dismisses the unjust enrichment claim against Harris.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion in Limine [Doc. No. 38] is **GRANTED in part**, and Plaintiff's unjust enrichment claim against Defendant Steven Harris is **DISMISSED**.

**IT IS SO ORDERED.**

Dated: July 16, 2021
s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

3