UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Asset Marketing Services, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JAM Products, Inc., d/b/a S&A Partners; and Steven Harris,<br><br>　　　　　Defendants. | Case No. 19-cv-02113 (SRN/TNL)<br><br><br><br>**ORDER** |

Alyssa M. Troje, Jessica Sharpe, and Mark W. Vyvyan, Fredrikson & Byron, P.A., 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402, for Plaintiff.

Barbara P. Berens, Carrie L. Zochert, and Erin K. Fogarty Lisle, Berens & Miller, P.A., 80 South Eighth Street, Suite 3720, Minneapolis, MN 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on a Letter to the Court [Doc. No. 85] filed by Defendants. On July 20, 2021, Plaintiff filed an Amended Witness List [Doc. No. 83], naming as a witness Armen Vartian—who had not been previously identified by Plaintiff as a trial witness. In their Letter, Defendants object to Plaintiff's amendment, and request that the Court preclude Mr. Vartian from testifying at trial. For the reasons that follow, the Court **GRANTS** Defendants' request.

In the Court's Final Pretrial Order, the Court ordered that,

> By **Friday, May 19, 2021**, each party must file a list of the names and addresses of the witnesses whom the party intends to call at trial, as well as a brief description of the substance of the expected testimony of each witness.

1

<u>No person who is not identified on a party's witness list may testify at trial, unless the omission is excused for good cause.</u>

(Final Pretrial Order [Doc. No. 34], at 3 (underlined emphasis added).) Although Plaintiff timely disclosed that it intended to offer invoices prepared by Mr. Vartian in support of its damages claims, Plaintiff did not disclose that it intended to call Mr. Vartian as a witness until it filed an Amended Witness List on July 20, 2021—thirteen days before trial. In their Motion in Limine, Defendants moved to exclude Mr. Vartian's invoices as irrelevant. (*See* Mem. in Supp. of Defs.' Mot. in Limine [Doc. No. 44].)

"The 'good cause' standard is an exacting one," and does not "turn on the existence or absence of prejudice to the non-moving party." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, 187 F.R.D. 578, 581–82 (D. Minn. 1999) (citations omitted). Plaintiff argues that good cause exists because, at the July 16 pretrial conference, the Court expressed its view that the invoices are inadmissible without testimony regarding the tasks Mr. Vartian completed for Plaintiff. (*See* Pl.'s Letter [Doc. No. 86], at 1.) Plaintiff also argues that Defendants would not be prejudiced by Mr. Vartian's testimony, because they have known that part of Plaintiff's claim to damages relates to Mr. Vartian's work for Plaintiff, as reflected in the invoices produced in discovery more than a year ago.

The Court finds that Plaintiff has not shown good cause to amend its witness list at this late stage. Although the Court expressed its view that the invoices are inadmissible unless Plaintiff offers testimony to lay foundation and establish relevance regarding the tasks reflected in those invoices, the Court's statement was not intended to grant Plaintiff leave to offer an additional, undisclosed witness at the eleventh hour, but rather to explain

why the invoices themselves are inadmissible. To be sure, Defendants were on notice regarding Mr. Vartian's importance to Plaintiff's damages claims. But through its exhibit and witness disclosures, Plaintiff determined to proceed with its damages claims without Mr. Vartian's testimony. Through their Motion in Limine, Defendants timely objected to Plaintiff's strategy. Plaintiff is bound by its choice, and has not shown good cause—less than two weeks before trial—to present an additional witness, whom Defendants have not had the opportunity to depose.[1]

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Letter Request to Exclude Mr. Vartian's Testimony [Doc. No. 85] is **GRANTED**.

**IT IS SO ORDERED.**

Dated: July 23, 2021

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

---

[1] The Court recognizes that Plaintiff has offered to make Mr. Vartian available for a deposition. But the Court finds that a last-minute deposition, during final trial preparation, would not cure the prejudice to Defendants caused by Mr. Vartian's late addition to Plaintiff's witness list. And, regardless, "the question of good cause" does not "turn on the existence or absence of prejudice to the non-moving party." *Bennett v. Int'l Paper Co.*, No. CV 05-38 (PJS/RLE), 2008 WL 11349718, at *3 (D. Minn. Aug. 8, 2008) (quotation omitted).